UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WAGENBLAST, et al.,

                Plaintiff,

      v.

JAY R. INSLEE, et al.,

                Defendants.

CASE NO. C15-5407 BHS

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS

       This matter comes before the Court on Defendants Teamsters Local Union 117

("Local 117") and Jay Inslee, Governor of the state of Washington; Bernard Warner,

Secretary of Washington Department of Corrections ("DOC"); Marcos Rodriguez,

Director of Human Resources for the DOC's (collectively "State Defendants") motions to

dismiss (Dkts. 9 & 14). The Court has considered the pleadings filed in support of and in

opposition to the motions and the remainder of the file and hereby grants the motions for

the reasons stated herein.

# I. PROCEDURAL HISTORY

On June 15, 2015, Plaintiffs Gabriel K. Forrest, Arthur Henderson, Joshua Lenss, William M. McLaughlin, and Michael A. Wagenblast ("Plaintiffs") filed a civil rights complaint against State Defendants and Local 117.  Dkt. 1.  Plaintiffs assert that requiring union dues as a condition of their employment violates their constitutional rights and that Local 117 "failed to provide adequate procedural safeguards constitutionally required under the United States Supreme Court's decision in [*Teachers Local No. 1 v. Hudson*, 475 U.S. 292, 310 (1986)]."  *Id.*

On July 23, 2015, Local 117 filed a motion to dismiss.  Dkt. 9.  On August 4, 2015, State Defendants filed a motion to dismiss.  Dkt. 14.  On August 10, 2015, Plaintiffs filed a combined response.  Dkt. 15.  On August 14, 2015, Local 117 replied. Dkt. 19.  On August 28, 2015, the State Defendants replied.  Dkt. 21.

# II. DISCUSSION

## A.    Standard

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements

of a cause of action.  *Twombly*, 127 S. Ct. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

**B.     Count I**

In Count I of their complaint, Plaintiffs assert that requiring, as a condition of employment, membership in a union and collection of dues by the union violates their First Amendment rights.  Dkt. 1.  Local 117 and the State Defendants assert that the claim is foreclosed as a matter of law by the currently binding precedent of *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), and, therefore, Plaintiffs fail to state a claim for relief.  Plaintiffs do not dispute this assertion and, instead, implicitly ask for a stay of this proceeding until the Supreme Court issues a decision in *Friedrichs v. California Teachers Ass'n*, 135 S. Ct. 2933 (2015)[1].  Plaintiffs contend that "[a]ll that will be achieved by the granting of Local 117's Motion is an appeal to the United States Court of Appeals for the Ninth Circuit . . ." (Dkt. 15 at 10) even though the Ninth Circuit has held that the questions presented "are so insubstantial as not to require further argument . . . ."  *Friedrichs v. California Teachers Ass'n*, 2014 WL 10076847, at *1 (9th Cir. Nov. 18, 2014), *cert. granted*, 135 S. Ct. 2933 (2015) (summarily affirmed without oral argument).  Although Plaintiffs are guaranteed an appeal as a matter of right, Local 117 only requests partial dismissal of the complaint and any appeal would be considered interlocutory until the Court issues final judgment on all claims.  In other words, it would be a frivolous appeal of an even more frivolous partial dismissal, based on the current law

---

[1] Plaintiffs should have filed a motion for affirmative relief instead of including such an ambiguous request in a response brief.

1  of the land.  Regardless, Plaintiffs have no cause of action under Count I.  Therefore, the

2  Court grants Local 117 and the State Defendants' motions on Count I of Plaintiffs'

3  complaint.

4  **C.    Count II**

5         In Count II of their complaint, Plaintiffs claim that Local 117 acts unlawfully by

6  "automatically collect[ing]" the "political and other non-bargaining component of the

7  union fees" unless the nonmembers affirmatively object.  Dkt. 1, ¶ 27a.  Local 117 moves

8  to dismiss this portion of Plaintiffs' claim because it is foreclosed by *Mitchell v. L.A.*

9  *Unified Sch. Dist.*, 963 F.2d 258 (9th Cir. 1992).  Although *Friedrichs* directly addresses

10  the continuing validity of *Mitchell* (*Friedrichs v. California Teachers Ass'n*, 2013 WL

11  9825479, at *2 (C.D. Cal. Dec. 5, 2013), *aff'd*, 2014 WL 10076847 (9th Cir. Nov. 18,

12  2014), *cert. granted*, 135 S. Ct. 2933 (2015)), Plaintiffs contend that the Ninth Circuit

13  "failed to consider the changed legal landscape in light of *Knox v. Serv. Employees Int'l*

14  *Union, Local 1000*, 132 S. Ct. 2277, 2298 (2012)."  Dkt. 15 at 12.  Justice Alito,

15  however, explicitly stated that *Knox* "concerns the procedures that must be followed

16  when a public-sector union announces a special assessment or mid-year dues increase."

17  *Id*. at 2298 n.9 (2012).  Thus, Plaintiffs' argument that *Knox* altered the legal landscape

18  of yearly opt-out procedures is without merit, and the Court grants Local 117's motion on

19  this element of Plaintiffs claim.

20

21

22

1

**III. ORDER**

2        Therefore, it is hereby **ORDERED** that Local 117 and the State Defendants'

3    motions to dismiss (Dkts. 9 & 14) are **GRANTED**.  The Clerk shall terminate the State

4    Defendants as parties.

5        Dated this 30 day of September, 2015.

6

7

BENJAMIN H. SETTLE

8        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22