UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. WAGENBLAST, et al.,

        Plaintiffs,

v.

JAY R. INSLEE, et al.,

        Defendants.

CASE NO. C15-5407 BHS

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the Court on Defendant Teamsters Local Union 117's ("Local 117") motion for summary judgment (Dkt. 25) and Plaintiffs Gabriel K. Forrest, Arthur Henderson, Joshua Lenss, William M. McLaughlin, and Michael A. Wagenblast's ("Plaintiffs") motion for preliminary injunction (Dkt. 27). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 15, 2015, Plaintiffs filed a civil rights complaint against Jay Inslee, Governor of the state of Washington; Bernard Warner, Secretary of Washington Department of Corrections ("DOC"); Marcos Rodriguez, Director of Human Resources for the DOC (collectively "State Defendants") and Local 117. Dkt. 1. Plaintiffs assert that requiring union dues as a condition of their employment violates their constitutional

rights and that Local 117 "failed to provide adequate procedural safeguards constitutionally required under the United States Supreme Court's decision in [*Teachers Local No. 1 v. Hudson*, 475 U.S. 292, 310 (1986)]." *Id*. Relevant to the instant motions, Plaintiffs request declaratory and equitable relief as follows:

> For equitable relief, a preliminary and permanent injunction prohibiting Defendants from taking any action to enforce the "Union Security" provision of the State/Local 117 collective bargaining agreement, until a constitutional agency fee notice and procedure approved by this Court is established and operating;
> For issuance of a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring:
>     1. that Defendants have failed to comply with *Hudson*, supra, and thus, that the "Union Security" section of the State/Local 117 collective bargaining agreement is null and void on its face and/or as applied to Plaintiffs, because they violate the First, Fifth, and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983; and
>     2. that Plaintiffs are not liable to pay any monies to Defendant Local 117, and/or any of their affiliates, until and for after such time as they provide a notice and procedure which satisfies "the constitutional requirements for the . . . collection of agency fees," 475 U.S. at 310.

*Id*. at 14–15.

On July 23, 2015, Local 117 filed a motion to dismiss. Dkt. 9. On August 4, 2015, the State Defendants filed a motion to dismiss. Dkt. 14. On September 30, 2015, the Court granted the motion, dismissed Plaintiffs' first cause of action, and dismissed the State Defendants. Dkt. 23.

On October 14, 2015, Local 117 filed a motion for summary judgment. Dkt. 25. On November 2, 2015, Plaintiffs responded. Dkt. 28. On November 6, 2015, Local 117 replied. Dkt. 30.

ORDER - 2

1  On November 2, 2015, Plaintiffs filed a motion for preliminary injunction. Dkt.
2  27. On November 30, 2015, Local 117 responded (Dkt. 31) and the State Defendants
3  moved to strike Plaintiffs' request for injunctive relief against the State Defendants
4  because they have been dismissed from this lawsuit (Dkt. 32). On December 4, 2015,
5  Plaintiffs replied. Dkt. 33.

## II. DISCUSSION

**A.  Summary Judgment**

Local 117 moves for summary judgment on Plaintiffs' requests for declaratory and injunctive relief. Dkt. 25. Local 117 argues that there is no case or controversy because Plaintiffs fail to assert a legal injury. *Id*. Plaintiffs counter that the motion should be denied or, in the alternative, the Court should grant a continuance so that Plaintiffs may conduct additional discovery. Dkt. 28.

**1.  Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.    Injury**

For an Article III court to have jurisdiction, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974).  "When an actual controversy ceases to be

present, a case is moot, and it is properly dismissed for lack of jurisdiction." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1134 (9th Cir. 2005).

In this case, Local 117 contends that "none of the individual plaintiffs are experiencing, or plausibly will experience at any time in the future, any legal injury of the type they assert, such as might entitle them now to a declaratory judgment." Dkt. 25 at 9. This contention is based on Local 117's reading of the complaint in which it asserts Plaintiffs' only remaining claim is infringement of Plaintiffs' rights to "become *Hudson* objectors." *Id*. at 5. Because Plaintiffs are currently *Hudson* objectors and only pay an agency fee, they "are not currently victims of any [*Hudson* procedural] inadequacy." Dkt. 30 at 9. *Hudson*, however, provides more protections than the right to pay only an agency fee. The Court stated that

> the constitutional requirements for the Union's collection of agency fees include an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending.

*Hudson*, 475 U.S. at 310. These protections go well beyond the mere right to pay the reduced agency fee as a *Hudson* objector. Therefore, Local 117 has failed to show that the Court is precluded from entering a declaratory judgment that Local 117 may not collect fees until they meet certain constitutional requirements.

Furthermore, the Ninth Circuit has upheld preliminary and permanent injunctions based on violations of the *Hudson* protections. *Prescott v. Cty. of El Dorado*, 177 F.3d 1102 (9th Cir. 1999) *cert. granted*, *judgment vacated*, 528 U.S. 1111 (2000), *and opinion reinstated in part*, 204 F.3d 984 (9th Cir. 2000). In *Prescott*, the district court "entered a

preliminary injunction prohibiting the collection of fees until the procedures were corrected" and then made the injunction permanent. 177 F.3d at 1105. While the propriety of an injunction is a separate issue, the possibility of such relief is apparent. Therefore, the Court denies Local 117's motion for summary judgment.

**B.     Preliminary Injunction**

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In this case, Plaintiffs fail to show that they are likely to suffer irreparable harm in the absence of preliminary relief. While Local 117 charges Plaintiffs $43.07 per month in individual agency fees (Dkt. 26 at 30), Plaintiffs have failed to submit any evidence of an objection to this fee. Lacking such evidence, Plaintiffs have failed to show any immediate harm. While the Court declines to directly address Plaintiffs' likelihood of success on the merits, it may be that Local 117 has failed to provide Plaintiffs sufficient information to assess the basis for Local 117's agency fee. *Hudson*, 475 U.S. at 310 (union must "include an adequate explanation of the basis for the fee"). For example, Local 117 informed Plaintiffs that they each had a right to be given sufficient information to determine whether they objected to the amount of the agency fee. Dkt. 26 at 27–28. Local 117, however, requires a potential objector to submit a written request for such information within a certain time frame. *Id.* In the absence of actual accounting information, Plaintiffs could be unable to assess what portion of the fee is objectionable.

Furthermore, Plaintiffs have failed to show that the State, which apparently collects the fee, objects to placing these fees in escrow pending a final determination of Plaintiffs' claims. Although Plaintiffs seek an injunction against the State Defendants, the Court has dismissed these defendants. If these are indispensible parties to Plaintiffs' second claim for relief, then Plaintiffs should properly move to amend their complaint to correct the deficiencies. Moreover, Local 117 concedes that any challenged amount will be placed in an interest-bearing escrow account while an impartial arbitrator considers the dispute. Dkt. 26 at 28. This concession appears to be consistent with *Hudson* and undermines Plaintiffs' argument that they will suffer immediate, irreparable harm. Therefore, Plaintiffs have failed to meet their burden, and the Court denies their motion for a preliminary injunction.[1]

### III. ORDER

Therefore, it is hereby **ORDERED** that Local 117's motion for summary judgment (Dkt. 25) and Plaintiffs' motion for preliminary injunction (Dkt. 27) are **DENIED**.

Dated this 8th day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The State Defendants' motion to strike is denied as moot.